UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   8:25-cv-00474-DOC (SK) | Date: July 11, 2025 |
| Title   Mark Philip Oster v. United States of America | |

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE AGAINST PETITIONER AND RESPONDENT**

Petitioner is a federal criminal defendant in active criminal proceedings who has filed his *third* habeas petition under 28 U.S.C. § 2241, seeking either release from pretrial detention in his criminal case or collateral invalidation of his criminal charges. (ECF 1).  *See Oster v. United States,* Nos. 24-CV-01818-SK (C.D. Cal. Aug. 16, 2024) & 24-CV-02359-SK (C.D. Cal. Oct. 28, 2024).  In January, this court dismissed without prejudice petitioner's prior two § 2241 petitions because the proper way to secure pretrial release—or to otherwise challenge the validity of the charges against him—is either by motion in the criminal action or through the ordinary course of appellate and postconviction review, not parallel § 2241 civil proceedings.  *See Oster v. United States*, 763 F. Supp. 3d 935 (C.D. Cal. 2025).  The Ninth Circuit has since summarily affirmed that decision.  *See Oster v. United States*, 2025 WL 1783702, at *1 (9th Cir. May 23, 2025).

Oddly, though, neither petitioner nor respondent United States has bothered to inform this court of the Ninth Circuit's decision on appeal, issued more than a month ago on May 23, 2025.  Nor have the parties informed the court that petitioner has since elected not to withdraw his guilty plea in his criminal action—and is thus now awaiting sentencing as a postconviction detainee.  *See United States v. Oster*, No. 21-CR-00147-PA, ECF 130 (C.D. Cal. July 7, 2025).  Those highly relevant developments only underscore how meritless and inappropriate these successive habeas petitions are, for they only "disrupt the orderly administration of criminal justice, . . . encourage forum-shopping, create perverse litigation incentives, and needlessly tax scarce judicial resources."  *Oster*, 763 F. Supp. 3d at 938.  And to repeat: petitioner has every remedy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   8:25-cv-00474-DOC (SK) | Date: July 11, 2025 |
| Title   Mark Philip Oster v. United States of America | |

he wants "available through the usual and customary practices, procedures, and statutes that apply in federal criminal prosecutions." *Id.* at 943 n.3.  The only thing he cannot do is "short-circuit those proceedings by simultaneously petitioning for release under § 2241." *Id.* at 938.

Because petitioner continues to entangle this court's civil jurisdiction with another court's criminal jurisdiction, the court has no choice but to ORDER petitioner, his criminal defense counsel, and respondent's counsel TO SHOW CAUSE at **10 AM** on **July 30, 2025** in Courtroom 540 of the Roybal Federal Building and United States Courthouse in Los Angeles why the parties have not stipulated to the voluntary dismissal of this third frivolous habeas petition.  In addition, petitioner personally is ORDERED TO SHOW CAUSE at the same time why he should not be declared a vexatious litigant under Local Rule 83-8.  *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  **Petitioner's criminal counsel and respondent's counsel are jointly responsible for initiating, coordinating, and ensuring petitioner's appearance in Los Angeles with the United States Marshal**.

The parties and counsel may fully discharge this order—and be excused from any personal appearance on July 30—by filing a joint stipulation of dismissal without prejudice by no later than 4 PM PT on July 23, 2025.  Otherwise, failure to comply with this order or to appear as ordered may lead to sanctions, including financial contribution to the court's CJA funds and involuntary dismissal of this action *with prejudice* with no further notice.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.


cc:     Mr. Richard Callahan Jr. (Case No. 21-CR-00147-PA)